

**IT IS ORDERED as set forth below:**

**Date: February 21, 2018**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> CHRISTINA HARGON, <br><br> Debtor. | CASE NO. 17-63356-PWB <br><br> CHAPTER 7 |
| CHRISTINA HARGON, <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, and ALDRIDGE PITE, LLP, <br><br> Defendants. | ADVERSARY PROCEEDING NO. 18-5031-PWB |

## ORDER

On February 6, 2018, Christina Hargon, the Plaintiff, filed a "Complaint for Damages with Supplemental of Jurisdiction and Stay of All State Court Claims & Related State Court Claims Pursuant to 28 U.S.C. § 1367." [Doc. 1]. The gist of Ms. Hargon's complaint is that the Defendants conducted an unlawful foreclosure under Georgia law.

Ms. Hargon has no pending bankruptcy case. She was previously a debtor in a chapter 13 bankruptcy case, case number 17-63356-pwb. Ms. Hargon filed the bankruptcy case on July 31, 2017, and it was dismissed on September 18, 2017, based upon her failure to correct filing deficiencies and to prosecute this case. Over three months after the closing of the case (and on the same day as the filing of the complaint), Ms. Hargon filed an untimely appeal of the dismissal order.

The dismissal of Ms. Hargon's bankruptcy case terminated the Court's jurisdiction over any issues raised in this post-dismissal filed adversary proceeding. The filing of a notice of appeal in the closed bankruptcy case does not change this outcome. And even if this adversary proceeding had been pending at the time of the dismissal of Ms. Hargon's case, the Court would have dismissed it because there would have been no basis for the discretionary retention of jurisdiction of the proceeding. *See Fidelity & Deposit Co. of Maryland v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992).

2

The Court concludes, *sua sponte*, that abstaining from hearing the claims asserted by Ms. Hargon in this adversary proceeding is appropriate.

Section 1334(c)(1) of Title 28 provides, "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Ms. Hargon has no pending case under title 11. Her claims arise under nonbankruptcy law and may be resolved in a nonbankruptcy forum. To the extent that any of her claims are valid, they have no bearing on the administration of the bankruptcy estate because no bankruptcy estate exists to administer. Based on these circumstances, the Court concludes abstention is warranted in the interests of justice. For the foregoing reasons, it is

ORDERED that, pursuant to 28 U.S.C. § 1334(c)(1), the Court hereby abstains from hearing the claims asserted by Ms. Hargon in this adversary proceeding and that this adversary proceeding be, and the same hereby is, dismissed.

### END OF ORDER

**Distribution List**

Christina Hargon
3695 Lee Rd
Snellville, GA 30039